**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| EDGAR H. EDMONDSON III, | ) | |
|                     Plaintiff, | ) | |
| v. | ) | Case No. CIV-04-1350-F |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA, *et al.*, | ) | |
|                     Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Currently pending before the Court is Defendants' Motion to Dismiss and Brief in Support [Doc. #15]. Plaintiff has filed a response to the motion [Doc. # 17], and the matter is now at issue. For the reasons set forth below, it is recommended that Defendants' Motion be denied. It is further recommended that pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Complaint be dismissed on the ground that Plaintiff has failed to satisfy the exhaustion requirement of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

**I.     Case Background**

Plaintiff is an inmate in the custody of the Arizona Department of Corrections (ADOC). At the time the actions alleged in the Complaint occurred, Plaintiff was incarcerated at Diamondback Correctional Facility, a private prison located in Sayre, Oklahoma, owned and operated by Defendant, Corrections Corporation of America (CCA).

Diamondback houses Arizona inmates, like Plaintiff, pursuant to a contract between the ADOC and CCA.[1]

Plaintiff alleges that following a "riot" on May 14, 2004, he was forced to "endure cruel and unusual punishment." *See* Complaint, at 2, Nature of the Case.[2] Plaintiff complains that he was not allowed to clean his cell to remove broken glass and raw sewage. He complains that he was required to eat meals in his cell in these unsanitary conditions. In addition, he alleges that "meals were served from garbage cans." He further complains that he was denied phone privileges, degraded by correctional facility employees and forced to shower in unsanitary conditions with female staff observing him. He claims these actions violated his Sixth, Eighth and Fourteenth Amendment rights.

Defendants have moved for dismissal of the Complaint on the grounds that Plaintiff has failed to allege (1) that Defendants acted under color of state law and (2) that Defendants personally participated in the alleged unconstitutional acts for which Plaintiff seeks redress.

---

[1]The record shows Plaintiff has been transferred back to Arizona and is currently incarcerated at the Arizona State Prison Complex in Tucson, Arizona. *See* Notice of Change of Address [Doc. #19].

[2]Numerous lawsuits arising out of the May 14, 2004 riot at Diamondback have been filed and are either currently pending or recently resolved in this judicial district. *See Vaughan v. Corrections Corporation of America*, No. CIV-04-1352-C; *Riley v. Corrections Corporation of America*, No. 04-1348-C; *Turner v. Corrections Corporation of America*, No. 04-1351-C; *Ratliff v. Corrections Corporation of America,* No. 04-1354-C; *Kegley v. Corrections Corporation of America*, No. 04-1353-C; and *Maring v. Corrections Corporation of American*, No. 04-955-C.

**II.     Legal Standards for Dismissing a *Pro Se* Plaintiff's Complaint**

Dismissal of a *pro se* complaint for failure to state a claim upon which relief may be granted is proper only where it is obvious from the face of the complaint that the plaintiff cannot prevail and it would be futile to give the plaintiff the opportunity to amend the complaint. *See, e.g., Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001). In determining whether dismissal is proper, the Court must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). In addition, the allegations of the *pro se* complaint must be construed liberally. *Id*.

**III.    Analysis**

   **A.     Pleading Requirements of a § 1983 Action**

      **1.     Color of State Law**

In order for a § 1983 claim to be actionable, the defendant(s) must have been acting under "color of state law." 42 U.S.C. § 1983; *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, (1982). Plaintiff filed a form § 1983 complaint in this case. Plaintiff was asked on the form whether Defendants acted under color of state law. Plaintiff marked the box labeled "No." Defendants contend that because Plaintiff responded in the negative, his § 1983 complaint fails to state a claim and should be dismissed. In responding to Defendants' motion to dismiss, Plaintiff contends "he has no idea what this means" and that "[m]aybe [he] filled the papers out wrong." *See* Reponse at 2, 3.

Although Plaintiff marked a box indicating that Defendants were not acting under color of state law, the claims within the Complaint indicate otherwise. Plaintiff alleges Defendants played various roles in the operation of a private prison that resulted in violations of his constitutional rights. Substantively, these allegations are sufficient to establish that Defendants acted under color of state law. *See, e.g.*, *Smith v. Cochran*, 339 F.3d 1205, 1215-1216 (10th Cir. 2003) (stating that persons to whom the State delegates penological functions, including custody and supervision of prisoners, can be held liable for violations of a prisoner's constitutional rights). Therefore, Defendants' Motion should be denied on this ground.

## 2.   **Personal Participation**

The individual Defendants, Ferguson, Lingo, Parker, Yates and Pierson, next contend that Plaintiff has failed to allege facts to show they personally participated in the alleged wrongs at issue. *See, e.g., Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir.1996) (personal participation is an essential allegation of a § 1983 claim). Defendants are correct that the Complaint does not include any allegations to show their personal participation. In response to Defendants' Motion, however, Plaintiff states that he "personally talked to Parker, Pierson and Yates" about the raw sewage in his cell. *See* Response at 2. Thus, it appears Plaintiff could amend his complaint to include sufficient allegations of personal participation by these Defendants, at least with respect to his claims related to the sewage in his cell.

Plaintiff identifies Defendant Ferguson as the President of CCA and Defendant Lingo as the Chief Executive Officer of CCA. With respect to these Defendants Plaintiff states:

> After about ten days of these conditions a letter was sent to CCA Corporate in Nashville to Ferguson and Lingo making them aware of the situation through another inmate experiencing the same thing plus more.

*See id*. These allegations are more tenuous. However, because the claims alleged by Plaintiff resulted from the aftermath of a prison riot, it is not obvious from the face of the Complaint that it would be futile to give Plaintiff the opportunity to amend the Complaint to include sufficient allegations of personal participation by these two Defendants.

Although it would not be futile to allow Plaintiff the opportunity to amend his complaint to allege facts of personal participation by Defendants, for the reasons set forth below, the Complaint should be dismissed for failure to exhaust administrative remedies. Therefore, while Defendants' motion to dismiss should be denied on personal participation grounds, Plaintiff should not be granted leave to amend the Complaint.

### 3.     **Exhaustion of Available Administrative Remedies**

The PLRA, 42 U.S.C. § 1997e(a), mandates exhaustion of administrative remedies in actions, such as this one, challenging prison conditions. Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Actions filed before the exhaustion requirement is satisfied must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-741 (2001); *see also Steele v. Federal*

*Bureau of Prisons*, 355 F.3d 1204, 1207 (10th Cir. 2003) ("[T]he substantive meaning of §1997e(a) is clear: resort to a prison grievance process must precede resort to a court."), *cert. denied*, 125 S.Ct. 344 (2004).

The prisoner bears the burden of pleading facts sufficient to establish exhaustion of administrative remedies. *See Steele*, 355 F.3d at 1211 ("[A] prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity."). Plaintiff responded "yes" to the inquiry on the Complaint concerning § 1997e(a)'s exhaustion requirement, indicating that he had previously sought relief from the appropriate administrative officials. Plaintiff then states: "Repeatedly asked for cleaning supplies from staff. My inmate letters went unanswered. Staff would repeatedly ignore my requests." *See* Complaint at 5, ¶ D (2).

Finding these allegations insufficient to satisfy Plaintiff's pleading requirements outlined in *Steele*, the Court issued an Order to Show Cause [Doc. #21], directing Plaintiff to allege more specific facts to demonstrate exhaustion of administrative remedies. Plaintiff has now filed a Response to Order to Show Cause [Doc. #22].[3] The allegations contained in the Response, however, remain insufficient to satisfy the burden placed upon Plaintiff to "describe the[] disposition [of his prison grievances] with specificity." *Steele*, 355 F.3d at 1211.

---

[3]In the Order to Show Cause, the Court also gave Defendants the opportunity to respond and address the issue of exhaustion but inexplicably Defendants have failed to do so within the time provided.

Plaintiff provides the following allegations in his Response.  He states that he made several verbal requests for cleaning supplies to disinfect his cell.  He identifies Officer Lumpkin as one person to whom he made such request.  In addition, he identifies two SORT team members, Sergeants Myers and Johnson, to whom he made similar requests.  Plaintiff next alleges he verbally told Counselor Coble that his cell was flooded and spoke with Unit Manager Lewis as well.  Plaintiff claims he also told Assistant Wardens Yates and Pearson about this problem and they responded that the SORT team members were the appropriate persons to advise.

Plaintiff states he then began the informal grievance process by requesting the "officer on duty" to provide him inmate letters.  He claims the forms were single page forms and, consequently, he could not keep copies of completed forms for his own records.  He states he submitted an inmate letter to Officer Lumpkin to deposit in the institutional mail.  He states the letter was addressed to Counselor Coble and Unit Manager Lewis.  He further alleges he wrote three inmate letters to Captain Bryant of the SORT team, but received no response.
Plaintiff alleges that he later asked Counselor Coble if he had received the inmate letter and Counsel Coble replied no.  By this time, Plaintiff alleges he was able to clean his cell and as a result, Counselor Coble told him the issue "wasn't grieveable because the problem had been fixed."

First, the Court must determine the sufficiency of Plaintiff's allegations that he instituted the grievance process.  Plaintiff's verbal requests do not satisfy the exhaustion

requirement as they do not demonstrate that Plaintiff utilized the requisite forms and followed the proper procedures. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (stating that the doctrine of substantial compliance does not apply to exhaustion under § 1997e(a)).[4]

Plaintiff states he submitted one inmate letter addressed to Counselor Coble and Unit Manager Lewis and Counselor Coble later advised him that the letter was never received. Plaintiff does not state that he took any further action to grieve the issue.

Plaintiff also alleges that he submitted three inmate letters to Captain Bryant of the SORT team and received no response. Plaintiff fails to identify the subject matter of the inmate letters, or the dates on which they were submitted. Again, Plaintiff does not state that the took any further action to grieve the issue.

An inmate who begins the grievance process must complete it. *Jernigan*, 304 F.3d at 1032. There is no futility exception that applies. *Steele*, 355 F.3d at 1214 (citation omitted). Thus, even if Plaintiff's somewhat conclusory allegations regarding the submission of inmate letters were deemed sufficient, Plaintiff fails to allege facts demonstrating that he followed the grievance process to its end.[5]

---

[4] The ADOC Grievance System involves a number of steps inmates must take to exhaust administrative remedies. These steps include filing a formal grievance and ultimately appealing any unfavorable response to the Director. In addition, the Grievance System addresses what steps should be taken if an inmate does not receive a timely response to a grievance. *See* Grievance System, ADOC Department Order 802, http://www.azcorrections.gov/Policies/802.htm. Plaintiff's allegations fail to demonstrate compliance with the procedures outlined in the Grievance System.

[5] Plaintiff may contend that he was not required to complete the grievance process once he was provided the cleaning supplies. *Compare Ross v. County of Bernalillo*, 365 F.3d 1181, 1187
(continued...)

Moreover, Plaintiff has failed to establish that he initiated the administrative grievance process as to each of the claims raised in the Complaint. The only issue Plaintiff alleges he raised to any officer, verbally or through the informal grievance process, is the request for cleaning supplies. He makes no allegation that he attempted to exhaust administrative remedies with respect to his claims that he was required to eat meals in his cell in unsanitary conditions; that food was served from garbage cans; that he was denied phone privileges; that he was degraded by correctional facility employees; and that he was forced to shower in unsanitary conditions with female staff observing him. Under Tenth Circuit precedent, an inmate must exhaust administrative remedies as to each claim raised in the complaint. Pursuant to this total exhaustion requirement, the presence of unexhausted claims in the prisoner's complaint requires dismissal of the entire action. *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189, 1190 (10th Cir. 2004) ("If a prisoner does submit a complaint containing one or more unexhausted claims, the district court ordinarily must dismiss the entire action without prejudice."). Because Plaintiff fails to allege that he ever attempted to seek administrative redress for these additional claims, his Complaint must be dismissed pursuant to the total exhaustion requirement.

---

[5](...continued)
(10th Cir. 2004) (where prisoner filed informal grievance complaining that showers were dangerous and in response, prison officials placed mats in the showers thus "fully alleviating the problem" prisoner was "required to do no more in order to exhaust his administrative remedies"). Assuming Plaintiff had received all the relief requested with respect to his request for cleaning supplies, his allegations of exhaustion remain deficient as otherwise set forth herein.

9

For these reasons, it is recommended that the Complaint be dismissed without prejudice to refiling pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).

## RECOMMENDATION

It is recommended that Defendants' Motion to Dismiss be denied. It is further recommended that the Complaint be dismissed without prejudice to refiling for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by June __7th__, 2005. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __18th__ day of May, 2005.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE